601 A.2d 404

**Linda K. COX, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BROOKVILLE GLOVE MANUFACTURING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 11, 1991.

Decided Dec. 11, 1991.

148

Richard G. Spagnolli, for petitioner.

James S. Routch, for respondent.

Before COLINS and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Linda K. Cox (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the Referee's decision denying her workmen's compensation benefits for her alleged total disability resulting from a work-related aggravation of her preexisting condition of asthma.

Claimant was employed by Brookville Glove Manufacturing (Employer) as a packer from September of 1980 through October 3, 1986. In that capacity, Claimant packed into boxes finished cotton gloves which her Employer manufactured. On October 4, 1986, Claimant did not report to her job as a packer and informed her Employer's personnel department that she was unable to work due to breathing difficulties as a result of working with cotton dust at her job. Claimant never returned to her job as a packer.

On November 21, 1986, filed a claim for workmen's compensation benefits pursuant to Section 108(p) of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 27.-1(p). Claimant alleged that she was afflicted with textile workers' asthma, technically known as byssinosis, as a result of her long and continuous exposure to textile fibers.[1] Claimant later amended her claim to include, in the alternative, a claim for the aggravation of her preexisting condition of asthma pursuant to Section 301(c)(1) of the Act, 77 P.S. § 411(1).[2] Her Employer filed an answer denying the allegations.

1. Section 108(p) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27.1(p), provides that byssinosis will be deemed an occupational disease in any occupation involving direct contact with, handling of or exposure to cotton dust, cotton materials or cotton fibers. Byssinosis is defined as an occupational respiratory disease associated with inhalation of cotton, flax or hemp dust, and characterized initially by chest tightness, shortness of breath, coughing and eventually irreversible lung disease. Webster's Ninth Collegiate Dictionary 192 (1989).

2. Section 301(c)(1) of the Act, 77 P.S. § 411(1), provides in pertinent part:
 The terms "injury" and "personal injury" as used in this Act shall be construed to mean an injury to an employee, *regardless of his*

A hearing was held, at which time the Referee received expert medical testimony in the form of depositions from Claimant's physician, William H. Fee, M.D., and from the Employer's physician, John G. Shively, M.D. Dr. Fee opined that Claimant suffered from byssinosis as a result of her exposure to airborne cotton dust in her workplace. Dr. Fee further stated that if Claimant returned to her job, she would get an exacerbation of her symptoms and her condition would worsen. Dr. Shively, on the other hand, opined that Claimant was capable of performing her prior employment based on his examination of her, which showed no signs or evidence of any pulmonary problems. Dr. Shively also testified that Claimant's history and symptoms could indicate asthma aggravated by an airborne agent in her workplace.

After hearing both doctors' testimony, the Referee concluded that Dr. Shively's testimony regarding Claimant's return to work was credible, but his testimony regarding her having asthma was not an unequivocal opinion that she was disabled by a work-related injury. The Referee also determined that Dr. Fee's testimony was not credible, because it was based on an incorrect belief as to the type and amount of dust in Claimant's workplace. Consequently, the Referee concluded that Claimant had failed to meet her burden of proof necessary to establish that she was totally disabled by a work-related occupational disease pursuant to Section 108(p) of the Act, 77 P.S. § 27.1(p).

The Referee also concluded that Claimant had failed to meet her burden of proof necessary to establish an aggravation of a preexisting condition arising from and in the course of her employment pursuant to Section 301(c)(1) of the Act, 77 P.S. § 411(1). Claimant appealed the Referee's decision to the Board, which affirmed the Referee's decision. Claimant then filed the present appeal, arguing only that the Board erred by denying her benefits pursuant to

*previous physical condition,* arising in the course of his employment and related thereto, *and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury.* (Emphasis added.)

Section 301(c)(1) of the Act, 77 P.S. § 411(1), because she was totally disabled during the course of her employment when her preexisting condition of asthma was aggravated by her exposure to cotton dust, and returning to that employment would exacerbate her condition.

 In a workmen's compensation proceeding, the claimant has the burden of proving that the injury occurred in the course of employment and was related to that employment. Where the connection between the injury and the work-related cause is not clear, a causal connection must be established to a reasonable degree of medical certainty that the injury was work related. *Krawchuk v. Philadelphia Electric Company*, 497 Pa. 115, 439 A.2d 627 (1981). In this case, Claimant argues that the Referee erred in determining that the medical testimony presented was not credible regarding the fact that she was totally disabled as a result of her employment, because, purportedly, both Dr. Fee and Dr. Shively testified that she suffered from a preexisting asthmatic condition, that her exposure to dust in the workplace aggravated her preexisting condition of asthma causing her disability, and that returning to that workplace would aggravate her symptoms.

In further support of her argument for an award of benefits, Claimant cites the case of *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Company)*, 514 Pa. 450, 525 A.2d 1204 (1987). In *Pawlosky*, an employee at the Latrobe Brewery was subjected to fumes at his workplace which aggravated his preexisting condition of asthma and totally disabled him from performing his job. Both the employer's physician and the claimant's physician testified that claimant's condition would be aggravated by the chemical fumes at his work place if he returned to his previous job, and that he should not return to such an environment. On appeal, our Supreme Court held that the employer takes the claimant as he finds him, and that an employee with a preexisting condition which is aggravated by the workplace is entitled to compensation when a return to that workplace would subject him to further aggravation

of his preexisting condition. "Specifically included in the new statutory conception of 'injury' is the job-related aggravation, reactivation or acceleration of a preexisting disease, even if the underlying disease itself was not caused by a work-related injury." *Pawlosky*, 514 Pa. at 459, 525 A.2d at 1209. The Employer, however, argues that Claimant has failed to establish that a preexisting condition exists, or assuming arguendo that a preexisting condition does exist, that the preexisting condition was aggravated by the Claimant's work place, and accordingly, *Pawlosky* is inapplicable.

■ Although Claimant contends that Dr. Fee's testimony was credible to establish that she had a preexisting condition of asthma which was aggravated by her workplace, the Referee properly found that Dr. Fee's testimony lacked credibility because it was based on his diagnosis that Claimant suffered from the occupational disease byssinosis. Because byssinosis is a disease which an employee *contracts* by working with cotton dust, and Claimant is not pursuing her claim under Section 108(p) of the Act, Dr. Fee's testimony is not supportive of the fact that Claimant was totally disabled as a result of the aggravation of her *preexisting condition* of asthma at her workplace.

■ Dr. Shively's testimony, on the other hand, does support a finding that Claimant is totally disabled as a result of her workplace pursuant to Section 301(c)(1) of the Act, because she can no longer return to her former position without aggravating her preexisting condition of asthma. First, when Dr. Shively was questioned as to whether he believed Claimant had a preexisting condition of asthma, he responded unequivocally that she did, based on her symptoms and her history. (Notes of Testimony at 222a, 228a.) Next, Dr. Shively testified that the classic history of a person who had work-related aggravation of asthma was that the employee would experience difficulty in breathing when exposed to the offending agent at the workplace. That difficulty would lessen when the employee was not around the offending agent, and typically, these employees would feel better on weekends or when they were on

vacations or away from their workplace. (Notes of Testimony at 223a.) This testimony is consistent with Claimant's testimony regarding her health history which the Referee accepted as a fact.[3]

Dr. Shively also stated unequivocally that some agent in the work environment aggravated that preexisting asthmatic condition:

Q. Doctor, if we assume that Mrs. Cox's history about her physical condition is correct, that is when she is working in the environment at Brookville Glove she has an exacerbation of her asthmatic condition, and when she leaves that environment, she seems to have a remission and then when she returns, she has another exacerbation. If we assume that history to be correct, is it more reasonable to conclude that there is some agent in that work environment that is aggravating that condition?

A. Yes.

(Notes of Testimony at 225a.)

Finally, when Dr. Shively was asked whether, based on the above statement, he would agree that Claimant should not return to a work environment where she would be exposed to agents that would aggravate her preexisting condition of asthma, he responded unequivocally, yes. (Notes of Testimony at 225a, 226a.)

The Employer points out that the Referee found Dr. Shively's testimony to be credible that Claimant was capable of performing her prior job because she showed no signs of any pulmonary problems at the time of Claimant's examination. Our Supreme Court, however, has held that simply because a claimant's symptoms of her preexisting condition have disappeared, claimant is still entitled to workmen's compensation benefits for total disability when

---

**3.** The Referee's finding of fact number 6 provides in pertinent part that during 1985, the claimant testified that she had developed chronic chest problems consisting of pain, tightness, coughing, shortness of breath and phlegm production. Claimant stated that over weekends or time off from the plant, she noticed her symptoms would lessen in severity.

the symptoms would reappear upon claimant's return to her former position. *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987). Citing *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A.2d 668 (1968), our Supreme Court in *Farquhar* noted that a claimant need not be so crippled or diseased as to be helpless in order to qualify for workmen's compensation. Rather, it is sufficient that a claimant's injury rendered him or her unfit or unable to do the type of work he or she had been engaged in when injured. *Farquhar*, 515 Pa. at 329, 528 A.2d at 587. Even though Dr. Shively found no sign of asthma when he examined Claimant does not preclude Claimant from receiving benefits, because he unequivocally testified that based on her history and symptoms, she could not return to her former job because her preexisting condition of asthma would be aggravated.

Our scope of review in workmen's compensation cases is to determine whether constitutional rights were violated, an error of law was committed, or there was a capricious disregard of competent evidence. *Harris v. Workmen's Compensation Appeal Board (Willowcrest–Bamberger Nursing Facility)*, 90 Pa.Commonwealth Ct. 483, 496 A.2d 87 (1985). Because Dr. Shively's testimony is unequivocal that Claimant had a preexisting condition of asthma which would be aggravated if she returned to her former position, we find that the Referee and Board erred by disregarding that portion of Dr. Shively's testimony and denying Claimant total disability benefits.

Accordingly, the decision of the Board is reversed, and Cox is awarded workmen's compensation benefits.

## ORDER

AND NOW, this 11th day of December, 1991, the order of the Workmen's Compensation Appeal Board, dated April 30, 1991, No. A–97671, is reversed, and Linda K. Cox is awarded workmen's compensation benefits.