Carl SACHETTE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (ST. JOHNSBURY TRUCKING COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 27, 1995.

Decided March 1, 1996.

---

Fred H. Hait, for Petitioner.

Edward H. Jordan, Jr., for Respondent.

Before COLINS, P.J., PELLEGRINI, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Claimant Carl Sachette, a truck driver employed by St. Johnsbury Trucking Company (Employer), petitions for review of the May 2, 1995 order of the Workmen's Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) grant of Employer's termination petition and terminated Claimant's benefits as of July 27, 1989. We reverse.

### ISSUES

The issues before us for review are: (1) whether, because of a prior finding of disability, Employer is barred from offering evidence in the termination proceeding to prove that Claimant had fully recovered from his work-related aggravation of his degenerative disc disease as of May 27, 1989; (2) whether the Board erred in concluding that Claimant is no longer totally disabled where the medical evidence shows that Claimant will risk recurrence of his injury should he return to work without restrictions; and, (3) whether the Board erred in concluding that Employer is entitled to a suspension of Claimant's workers' compensation benefits due to Claimant's incarceration.

### FACTS

On May 10, 1989, Claimant suffered an aggravation of a pre-existing degenerative disc disease while driving for Employer. In support of his claim petition, Claimant offered the deposition testimony of his treating physician, Dr. Robert Muscalus, D.O. Dr. Muscalus testified that on July 17, 1989, he released Claimant to return to work with restrictions. Claimant worked until September when Employer would no longer accommodate the restrictions ordered by Dr. Muscalus. In his deposition testimony, Dr. Muscalus had expressed an opinion that Claimant would very likely suffer a recurrence of his work injury if he attempted to drive a truck without power steering and without an air seat.

The WCJ closed the record on April 4, 1991 and, on June 12, 1991, entered a decision granting the *claim* petition. It is undisputed that the WCJ concluded therein that Claimant was totally disabled from May 11,

1989 to May 28, 1989, was partially disabled from May 29, 1989 to September 14, 1989 and was totally disabled from September 14, 1989. The Board affirmed the WCJ's decision on the claim petition on September 1, 1992. Employer did not appeal the Board's decision to this Court.

On July 16, 1992, Employer filed the instant petition to terminate or suspend compensation, alleging either that Claimant had totally recovered from his work-related injury as of July 27, 1989, or that work was available within his limitations. Claimant was incarcerated in prison prior to the filing of the termination petition.

In support of its termination petition, Employer offered the deposition testimony of Claimant's former treating physician, Dr. Musculus, who testified that any disability directly related to the May 10, 1989 injury had ceased as of July 27, 1989. On cross-examination, Dr. Musculus testified that if Claimant were to engage in employment as a truck driver without being provided with power steering or a lumbar seat, he would very likely aggravate his non-work-related degenerative disc disease.

The same WCJ that granted the claim petition granted Employer's petition for termination, finding that Claimant was fully recovered from his work-related injury as of July 27, 1989. The WCJ further concluded that Claimant had removed himself from the work force by becoming incarcerated and that Employer did not have to prove work availability in order to obtain a suspension of Claimant's benefits. The Board affirmed the WCJ's decision. In doing so, it rejected Claimant's argument that the doctrine of *res judicata* barred Employer from relitigating the issue of whether Claimant was disabled on July 27, 1989. The Board did not address the issue of whether Claimant, by being sent to prison, had removed himself from the work force. We reverse the Board's decision.[1]

## DISCUSSION

### a. Effect of Prior Finding of Disability

■ Claimant argues that the Board erred in failing to give preclusive effect to the June 12, 1991 order which granted Claimant's claim petition and found Claimant totally disabled from May 11, 1989 to July 28, 1989, partially disabled from July 29, 1989 to September 14, 1989 and totally disabled from September 14, 1989. In granting the claim petition, the WCJ based his conclusions on the medical testimony of Claimant's treating physician and expert witness, Dr. Musculus. The WCJ found that there was no evidence presented which supported a termination of Claimant's compensation benefits.

■ On the termination petition presently before us on appeal, the WCJ ordered Claimant's compensation benefits terminated as of July 27, 1989, based on the testimony of the same doctor who testified in the claim petition. In effect, the WCJ is reversing his original decision which concluded that Claimant was totally disabled on July 27, 1989, based on evidence which was, or should have been, available during the pendency of the claim petition proceeding. Claimant argues that the WCJ is precluded from doing this because the doctrine of *res judicata* applies. Both the WCJ and the Board concluded that the doctrine of *res judicata* is not applicable here because there is no identity of issues.[2] We disagree.

■ The Pennsylvania Supreme Court has interpreted the "modern doctrine of *res judicata*" as incorporating *both* claim preclusion, or traditional *res judicata*, and issue preclusion, or collateral estoppel. *Duquesne*

---

1. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa. Cmwlth. 288, 572 A.2d 843 (1990).

2. For *res judicata*, or claim preclusion, to apply, four conditions must exist:

(1) Identity in the thing sued upon or for;
(2) Identity of the cause of action;
(3) Identity of the persons or parties to the action
(4) Identity of the quality of or capacity of the parties suing or sued.

*Mason v. Workmen's Compensation Appeal Board (Hilti Fastening Systems Corp.)*, 657 A.2d 1020, 1023 (Pa.Cmwlth.1995).

*Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980); *See also, Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa.Cmwlth. 76, 488 A.2d 1177 (1985), *petition for allowance of appeal denied,* 515 Pa. 616, 530 A.2d 869 (1987). Issue preclusion "has to do with an issue determined in a first action when the same issue arises in a later action based upon a different claim or demand." *Duquesne Slag Products,* 490 Pa. at 107, 415 A.2d at 55 (1980).

This doctrine states that where particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action.

*Patel,* 488 A.2d at 1179.

The issue preclusion part of the "modern doctrine of *res judicata*" does apply here because the same issue that was determined in the claim proceeding was raised in the termination petition.

The Board states that *res judicata* does not apply because the issues are obviously different due to the type of petitions filed. The Board contends that the issue in a claim petition is whether the claimant suffered a compensable work-related injury and whether he has a right to total disability benefits from that date. In a termination petition, however, the Board contends that the issue is whether the employer has a right to a termination of benefits as of any date following the date upon which the claimant became totally disabled. We disagree with this restricted interpretation of the issues involved.

■ In a claim petition, a claimant must prove that he suffered a work-related injury and that he is disabled as a result of that injury. *Sherrill v. Workmen's Compensation Appeal Board (School District of Philadelphia),* 154 Pa.Cmwlth. 492, 624 A.2d 240 (1993). In order to receive compensation benefits, the claimant must prove the extent of his disability. If an employer can prove that a claimant's disability has ceased, then the claimant will receive compensation benefits for a closed period of time only. If the employer fails to prove that the claimant's disability has ceased, then the claimant will

receive compensation benefits until such time as the employer may present evidence in a termination petition proceeding that the disability has ceased.

Employer argues that it is extremely difficult for it to meet its burden of establishing that a claimant's work-related disability has ceased asserting that it does not have equal access to the claimant's treating physician when he is claimant's expert witness. Employer argues that it is limited as to the extent of discovery from the claimant's medical witness while the claim petition is pending. Employer is essentially arguing that it could not elicit from Claimant's treating physician the testimony regarding Claimant's full recovery during the claim petition proceedings. We disagree. Employer had the opportunity to cross-examine the witness during his deposition. Further, Employer is entitled to have Claimant examined by its own expert. In either manner, Employer could have elicited and presented evidence to the WCJ that Claimant had fully recovered from his work-related injury as of July 27, 1989. It did not.

It is clear that the question of whether Claimant was totally disabled as of July 27, 1989 was previously litigated in the claim petition proceeding and decided favorably to Claimant by the WCJ. That decision was affirmed by the Board and never appealed to this Court. It is a final order and is the law of this case. Therefore, the Board erred in not applying the doctrine of *res judicata* and also erred in terminating Claimant's benefits as of July 27, 1989. Claimant was previously found to be totally disabled on that date. Further, Claimant was partially disabled from May 29, 1989 to September 14, 1989 and totally disabled from September 14, 1989. The earliest Employer may be entitled to a termination of Claimant's benefits is April 4, 1991, the date the WCJ record closed the record in the original claim petition.

#### b. Aggravation of Pre-Existing Disc Disease

■ As noted above, we are reversing the Board's order granting termination as of July 27, 1989. Now, we must determine if Em-

ployer is entitled to a termination on any date thereafter. Claimant argues that Employer failed to meet its burden in a termination petition because he remains totally disabled. Claimant contends that the medical evidence proves he cannot return to work without risk of aggravating his degenerative disc disease and that, as a result, he is totally disabled.

Section 301(c)(1) of the Workers' Compensation Act provides as follows:

(1) The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury....

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

The Pennsylvania Supreme Court has interpreted this section as including within the meaning of the term "injury", the aggravation of a pre-existing condition. *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.),* 514 Pa. 450, 461–62, 525 A.2d 1204, 1210–11 (1987). In light of this interpretation of the law, the WCJ correctly granted Claimant's claim petition based on the work-related aggravation of his pre-existing degenerative disc disease.

The Supreme Court has further held that the disappearance of a claimant's symptoms resulting from an aggravation of a pre-existing thrombosis will not necessarily bar the award of workers' compensation benefits if the symptoms would reappear upon her return to her former position. *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works),* 515 Pa. 315, 528 A.2d 580 (1987).

Claimant cites *Cox v. Workmen's Compensation Appeal Board (Brookville Glove Manufacturing),* 144 Pa.Cmwlth. 147, 601 A.2d 404 (1991) for the proposition that a claimant is entitled to workers' compensation benefits for total disability even if the symptoms of his pre-existing condition have disappeared when the symptoms would reappear upon

claimant returning to his previous employment. Claimant argues that, under *Cox,* if returning to work would aggravate his degenerative disc disease, he is totally disabled.

It is clear that an aggravation of a pre-existing condition is a compensable injury. What is not so clear is whether a claimant remains totally disabled if there is a significant risk of re-aggravation should he or she return to work.

On cross-examination, Dr. Muscalus testified regarding Claimant's condition as follows:

I believe that given his underlying degenerative disc disease, if he were to engage in employment as a truck driver without those devices, it is very possible and very likely that his symptoms—his symptoms of back pain resulting from his degenerative disc disease would be exacerbated.

(R.R. at 25a.)

Employer distinguishes *Cox* on the basis that the medical evidence offered in that case unequivocally showed that the claimant's pre-existing asthma would be aggravated by her return to work packing cotton gloves into boxes. Employer argues that Claimant's evidence does not prove that his return to his previous employment as a truck driver would aggravate his pre-existing condition. Employer argues that Dr. Muscalus merely states that Claimant *may* exacerbate the pain caused by his degenerative disc disease if he returns to work without certain devices, e.g. power steering and an air seat. We agree. Dr. Muscalus' testimony does not support a finding that Claimant remains totally disabled.

We find that the present case is more analogous to our decision in *Mancini's Bakery v. Workmen's Compensation Appeal Board (Leone),* 155 Pa.Cmwlth. 641, 625 A.2d 1308 (1993), than to *Cox.* In *Mancini's Bakery,* the claimant suffered from a pre-existing degenerative osteoarthritis in his knees. The credible medical evidence revealed that this pre-existing condition was aggravated by the claimant's job of selling and delivering bread for the employer. The claimant underwent knee replacement surgery and received temporary total disability benefits for

a closed period. The claimant's treating physician testified that, although the claimant could work, he should not work because returning to the same employment would shorten the life-span of the knee replacements.

In *Mancini's Bakery,* the doctor did not state that the claimant could never return to his pre-injury position or that the aggravation of his pre-existing knee condition had rendered him unfit or unable to work. We concluded that the possibility that the claimant could reinjure his knee is not a basis to continue compensation. Likewise, Dr. Muscalus did not testify that Claimant's aggravation of his pre-existing condition rendered him unable or unfit to work. Therefore, Dr. Muscalus' testimony does not support a finding that Claimant remains totally disabled.

Before we can fully answer the question of whether Claimant is totally disabled because he cannot return to work without risking a re-aggravation of his pre-existing condition, we must determine whether the Supreme Court's recent opinion in *Markle v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.),* 541 Pa. 148, 661 A.2d 1355, *reh'g denied,* 541 Pa. 148, 661 A.2d 1355 (1995), applies to this situation.

In *Markle,* the Court addressed the issue of "whether an employer is required to take into consideration *pre-existing medical restrictions which are unrelated to claimant's work injury* in meeting its burden of proof on job availability." *Id.* at 151, 661 A.2d at 1356 (Emphasis added). The Court held that pre-existing non-work-related physical limitations resulting from non-work-related injuries should not be considered by a workers' compensation judge in determining whether an employer has met its burden of proof regarding job availability. The claimant in *Markle* suffered a work-related back injury for which he received compensation. He also suffered from non-work-related pulmonary emphysema.

In *Markle,* the claimant was released to restricted duty and signed a Supplemental Agreement suspending compensation. One year later, the claimant was transferred to the position of shop helper. This position was within the restrictions placed on him from his work-related back injury. The claimant rejected the position, however, because it would expose him to irritants he was required to avoid due to his pulmonary emphysema. The Court held that, for the purposes of proving job availability, employers do not have to consider restrictions placed on employees due to non-work-related conditions or injuries. The Court further held that "because claimant's loss of earnings did not result from the disability due to the injury but from his non-work-related emphysema, his workers' compensation benefits may not be resumed." 541 Pa. at 157, 661 A.2d at 1360.

This holding is equally applicable to the facts before us today. Dr. Muscalus opined that Claimant has fully recovered from his work-related aggravation of his pre-existing degenerative disc disease and that his current loss of earnings did not result from the disability due to the aggravation but from the non-work-related degenerative disc disease. (Findings of Fact 8, 9, 10.) The WCJ concluded that Dr. Muscalus' opinions were "persuasive." (WCJ Decision at 4.)

Further, the *Markle* opinion cites favorably our opinion in *Carpentertown Coal & Coke v. Workmen's Compensation Appeal Board (Seybert),* 154 Pa.Cmwlth. 408, 623 A.2d 955, *petition for allowance of appeal denied,* 535 Pa. 640, 631 A.2d 1011 (1993), in which we held that an employer was entitled to a suspension of benefits, even though claimant had suffered permanent damage to his heart muscle as a result of a work-related myocardial infarction, where the claimant's inability to return to his pre-existing job was not caused by damage to his heart, but rather was caused by his pre-existing coronary disease. Similarly, Claimant is not prevented from returning to work due to residual impairment from his work-related aggravation of his pre-existing disease but from the risk of re-aggravating the pre-existing disease.

We conclude that the holding in *Markle* does apply to the facts of the case before us. Although *Markle* dealt specifically with the question of whether an employer must take into consideration a claimant's non-work-related physical limitations in referring avail-

able work, the Court's favorable reliance upon *Carpentertown Coal* and its holding that a claimant's loss of earnings must be related to a work-related injury persuades us to apply it to the facts before us. Therefore, we must hold that, based on Dr. Muscalus' testimony, Claimant has fully recovered from his work-related aggravation of his pre-existing condition and that Claimant is not totally disabled based merely on the risk that he may again aggravate his pre-existing condition should he return to his pre-injury job. Employer is entitled to a termination of Claimant's benefits.

### CONCLUSION

■ Based on the doctrine of *res judicata*, we reverse the order of the Board granting Employer a termination of Claimant's benefits as of July 27, 1989. However, based on Dr. Muscalus' credible and unequivocal testimony, we affirm the grant of Employer's termination petition as of April 4, 1991, the date the WCJ closed the record in the original claim petition.[3]

### ORDER

AND NOW, this 1st day of March, 1996, we hereby reverse the May 2, 1995 order of the Workmen's Compensation Appeal Board terminating Claimant's benefits as of July 27, 1989, but affirm the grant of Employer's termination petition as of April 4, 1991.

---

3. Because we are granting Employer's termination petition, we need not address Employer's argument that Claimant is not entitled to receive compensation benefits while incarcerated. We merely note that, due to the 1993 amendments to the Workers' Compensation Act and our recent decision in *Cummings Lumber Company v. Workmen's Compensation Appeal Board (Young)*, 669 A.2d 1027 (Pa.Cmwlth.1995), Claimant would not be entitled to receive benefits while he is incarcerated after August 31, 1993, the effective date of the 1993 amendments.