**BETHLEHEM STEEL CORPORATION,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (BOLES),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.

Decided May 21, 1996.

Reargument Denied July 10, 1996.

Paul J. Dellasega, for Petitioner.

Thomas J. O'Brien, for Respondent.

Before COLINS, President Judge,
KELLEY, J., and LORD, Senior Judge.

COLINS, President Judge.

Bethlehem Steel Corporation petitions for review of the March 21, 1995 decision of the Workmen's Compensation Appeal Board (Board) in which it affirmed the Workers' Compensation Judge's (WCJ) remand decision awarding partial disability benefits to Donald Boles pursuant to Section 301(c)(1) of the Workers' Compensation Act.[1]

The undisputed facts in this case are that Donald Boles (Boles) had intrinsic asthma long before he went to work for Bethlehem Steel, and he was asymptomatic during his adult life until February 1982. Medical testimony established that in February 1982 Boles experienced asthma symptoms triggered by a respiratory infection or bronchitis; from that time, Boles's pre-existing asthma was aggravated by his working conditions. Boles sought medical treatment for difficulty breathing and terminated his employment in November 1983 on the advice of his physician. In May 1984, Boles took a job within his medical restrictions at a produce market.

Boles's original claim petition resulted in an award of total disability benefits from December 1983 until May 7, 1984 and partial disability benefits thereafter. On appeal, this Court remanded for findings as to whether the aggravation of Boles's pre-existing asthma continued after May 7, 1984 or whether the award of partial disability benefits was based on Boles's reduced earnings at the produce market. On remand, the WCJ found that aggravation of Boles's pre-existing asthma continued after May 7, 1984; the Board affirmed.

Our review on appeal is limited to determining violations of constitutional rights, errors of law, and whether the referee's findings are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). In this appeal, Bethlehem Steel asserts the following as reasons for reversal or remand: 1) the claimant did not meet his burden of

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

establishing a continuing disability; 2) an employee under a prophylactic work restriction is not entitled to continuing benefits when the restriction is not the result of a work-related injury; and 3) the WCJ on remand failed to issue a reasoned decision as required by Section 422(a) of the Act, 77 P.S. § 834.

In a claim proceeding, the employee bears the burden of proving all the necessary elements to establish a right to compensation. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). A claimant who has a pre-existing condition and alleges a work-related aggravation of that condition is entitled to compensation upon a showing that the aggravation (i.e., the injury) arose in the course of employment and was related to the employment. *Povanda v. Workmen's Compensation Appeal Board (Giant Eagle Markets, Inc.)*, 146 Pa.Cmwlth.320, 605 A.2d 478 , *petition for allowance of appeal denied*, 533 Pa. 603, 617 A.2d 1276 (1992). Having awarded benefits, the WCJ concluded that Boles met his burden of proof with respect to these elements.

Citing the Pennsylvania Supreme Court's opinion in *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993), Bethlehem Steel asserts that Boles failed to meet an additional burden of proving that his injury continued throughout the pendency of the claim petition. We disagree. *Inglis House* states that the burden of proving entitlement to benefits remains with the claimant throughout the claim proceeding; the decision does not judicially create an additional element of proof.

Substantial evidence of record supports the WCJ's finding that Boles met his burden of proving a continuing disability after May 7, 1984, when Boles accepted other employment within his medical restrictions. In his January 1985 deposition, Boles's medical expert, Dr. Stephen Lockey, testified that as of that date he continued to treat Boles for wheezing and shortness of breath. (Deposition Testimony at 17, 20.) Dr. Lockey stated unequivocally that if Boles returned to work at Bethlehem Steel "his symptoms would recur and he would become functionally disabled." (Deposition Testimony at 21.) On March 12, 1985, Bethlehem Steel's medical expert, Dr. Penelope Scott, testified that Boles's work-related aggravation had ceased, but agreed that Boles should not return to his former work environment. "I can't say that with 100 percent certainty, but I feel that there would be a high probability that he would have further problems. And ... I recommended that he not go back into that type of environment." (Notes of Testimony at 59.)

Bethlehem Steel argues that an employee under a prophylactic work restriction is not entitled to continuing benefits when the restriction is not the result of a work-related injury. This argument directly contravenes the decisions of the Pennsylvania Supreme Court on this issue. In *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987), a claimant with a pre-existing asthma condition became totally disabled from the aggravating effects of breathing chemical fumes at work. Medical evidence indicated that each new exposure to the chemical irritants would produce bronchospasm making it difficult for the claimant to breathe. The court characterized each instance of bronchospasm caused by the chemical irritants to be an "injury" for the purposes of the Act.

In *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987), the court set out to resolve what it characterized as the "the total failure of the lower tribunals to appreciate the substantive law of workmen's compensation...." *Id.* at 327, 528 A.2d at 586. The Court found incredible the lower tribunals' conclusion that because a claimant's symptoms had disappeared or resolved, she was not totally disabled. *Id.* at 329, 528 A.2d at 587. The Court made it clear that in order to qualify for compensation it is sufficient that the injury renders the claimant unfit or unable to return to the pre-injury

work. The Act does not require an employee to bear the risk of probable severe and totally disabling re-injury by returning to the work that caused the disabling aggravation rather than forgo compensation. *Id.*

We reject Bethlehem Steel's suggestion that we repudiate our decision in *Cox v. Workmen's Compensation Appeal Board (Brookville Glove Manufacturing)*, 144 Pa. Cmwlth.147, 601 A.2d 404 (1991), which in our view is completely consistent with *Pawlosky* and *Farquhar*. The claimant in *Cox* was awarded benefits based on unequivocal medical testimony that the work environment aggravated the claimant's pre-existing asthma and if she returned to the work environment, exposure to the irritants would again aggravate her condition.

Bethlehem Steel urges us to follow two cases it sees as being inconsistent with *Cox*. Although these decisions result in a loss of benefits, they are factually distinguishable from *Cox*. In *Mancini's Bakery v. Workmen's Compensation Appeal Board (Leone)*, 155 Pa.Cmwlth.641, 625 A.2d 1308 (1993), we sustained a suspension of benefits because the claimant's physician advised him that he could return to work, but if he did return to work it *could* reduce the lifespan of his knee replacements. We sustained the Board's finding that the claimant was in fact able to return to work and that the possibility or fear of re-injury is not a basis for continuing benefits despite his physician's reservations. *Id.* 625 A.2d at 1311. The medical testimony in *Mancini's Bakery* fell far short of establishing that the claimant was unable or unfit to return to work.

Similarly, in *Swartz v. Workmen's Compensation Appeal Board (Dutch Pantry Restaurant)*, 117 Pa.Cmwlth.47, 543 A.2d 201 (1988), *petitions for allowance of appeal denied*, 522 Pa. 580, 559 A.2d 40, 522 Pa. 581, 559 A.2d 41 (1989), the evidence did not establish that the claimant was unable or unfit to return to work. On a petition for reinstatement of benefits after a recurrence of disability from a prior injury, we affirmed the referee's award of benefits for a closed period where the claimant had medical clearance to return to work with a warning that future exposure to allergenic chemicals *might* precipitate an adverse reaction.

Finally, Bethlehem Steel asserts that the WCJ on remand failed to issue a reasoned decision as required by Section 422(a) of the Act, 77 P.S. § 834. We disagree. We remanded this matter for a specific finding to indicate whether Boles's work-related aggravation continued after May 7, 1984. The WCJ fulfilled this very limited purpose by re-issuing his earlier opinion with the additional finding. As there was no suggestion in the earlier appeal that the WCJ's decision was not a reasoned decision, we cannot now conclude that the additional finding somehow rendered it inadequate in this respect.[2]

In conclusion, the medical evidence of record in this case, as in *Cox*, established that Boles was unfit and unable to return to work: the work environment aggravated Boles's pre-existing asthma, and exposure to that environment would certainly result in re-injury. Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 21st day of May, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

2. In so concluding, we do not wish to encourage the practice on remand of re-issuing an earlier opinion without some elaboration on the WCJ's reasoning behind any additional findings and conclusions.