576 A.2d 419

**USX CORPORATION f/k/a United States Steel Corporation, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KOTELES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 1990.

Decided June 7, 1990.

Martha R. Conley, Pittsburgh, for petitioner.

William W. Schrimpf, Sr., Melenyzer & Tershel, Charleroi, for respondent, Paul G. Koteles.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for consideration is a petition for review of an order of the Workmen's Compensation Appeal Board (Board) filed by USX Corporation (USX). The Board by its order awarded compensation to Paul Koteles and reversed a referee's decision which had determined that Koteles suffers from coal worker's pneumoconiosis (black lung) but which had also determined that Koteles was neither partially nor totally disabled. The Board concluded from the medical evidence in the record that the referee's finding of black lung without disability was, in this case, a non sequitur.

■ The genesis of this case was a claim petition for compensation filed by Koteles in which he alleged that he was disabled from black lung disease as of August 6, 1986 as a result of "[c]ontinued exposure to coal dust over [his] entire working period" while employed by USX's predecessor, United States Steel Corporation, from March 1943 through January 1982. A hearing was held before a referee at which both USX and Koteles presented evidence,[1] in

---

1. Where, as here, evidence has been presented by both parties, we will review the Board's determination under the "substantial evidence" test enunciated by our Supreme Court in *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), and by this Court in *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). This standard is set forth in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, and requires that we determine whether necessary findings of fact are supported by substantial evidence and whether there has been a constitutional violation or error of law. However, because USX's brief evidences some confusion as to which standard of review applies in this case, substantial evidence or capricious disregard, we quote the following from *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988) as to the applicability of the capricious disregard standard:

particular, medical reports based on examinations of Koteles by physicians for both parties.

Koteles offered the medical report of Dr. A. Nathan Alpern, a Board Certified Internist, who examined Koteles on August 6, 1986. Dr. Alpern concluded that "Koteles has 'black lung disease'.... he is totally and permanently disabled and ... he acquired his disability at the various mines in which he was employed." USX offered the report of Dr. N. LeRoy Lapp, Professor of Medicine at West Virginia University Hospital Medical Center. Dr. Lapp stated that "I do not find evidence of Coalworkers' Pneumoconiosis or an occupational disease that is causing pulmonary impairment of Mr. Koteles," and diagnosed Koteles as suffering from "[c]hronic bronchitis without objective evidence of airways disease or impairment."

Based upon these diametrically opposed medical reports, the referee made the following finding of fact:

6. Based in part on the competent and credible medical report of Dr. A. Nathan Alpern it is found as a matter of fact that the claimant is suffering from coal worker's pneumoconiosis, which arose out of his employment with the defendant, never-the-less, the credible medical report of Dr. N. Leroy Lapp establishes that the claimant is neither partially or totally disabled from coal worker's pneumoconiosis. This unusual conclusion is made from accepting parts of the medical reports submitted by claimant and defendant.

In essence the referee concluded as a matter of law that Koteles did indeed have black lung disease but that he was not disabled.

However, where the burdened party is the only party to present evidence and does not prevail before the agency, the 'substantial evidence' test falters. If no evidence was presented to support the prevailing party, there is no evidence upon which to apply the 'substantial evidence' test; *i.e.*, it is impossible to find substantial evidence to support a position for which no evidence was introduced. In such cases, therefore, the appropriate scope of review ... is whether the agency erred as a matter of law or capriciously disregarded competent evidence.

121 Pa.Commonwealth Ct. at 438–39, 550 A.2d at 1365 (citations omitted).

Koteles appealed to the Board and alleged that the referee erred when he accepted Dr. Alpern's conclusion that Koteles had contracted black lung disease and then relied upon Dr. Lapp's report to find that Koteles is not disabled from the same disease. The Board found that the referee committed both errors of fact and law in his conflicting findings and conclusions, to wit: "[h]aving accepted Dr. Alpern's test results as the basis for Finding and Concluding that [Koteles] had coal workers' pneumoconiosis, the Referee could not then logically accept any evidence espoused by Dr. Lapp, as Dr. Lapp's evidence was based upon the fact that [Koteles] had not even contracted the disease," and ordered that benefits be awarded.

Before this Court, USX contends that the referee did not err in accepting portions of the opinions of both its and Koteles' medical experts. We disagree.

■ USX correctly states the general proposition that a referee is free to accept or reject the testimony of any witness in whole or in part. For example, in *Mobley v. Workmen's Compensation Appeal Board (Handy and Harman Tube Co., Inc.)*, 79 Pa.Commonwealth Ct. 154, 468 A.2d 897 (1983), we held that a referee's finding of partial disability was supported by substantial evidence where the claimant's physician testified that the claimant remained totally disabled and the employer's physician testified that the claimant had fully recovered, because implicit in the testimony of the employer's physician that claimant had fully recovered was the subsumed fact that the claimant had partially recovered. As the referee was free to credit the testimony of each physician in part, he could properly have concluded that, although the employer had failed to prove that the claimant was totally recovered, the evidence showed that the claimant remained only partially disabled.

■ However, in the instant case, the referee based his finding that Koteles had contracted black lung disease on Dr. Alpern's report, which he found to be both competent and credible. That report also concluded unequivocally that

Koteles was "totally and permanently disabled." Having accepted Dr. Alpern's report, it was, in the Board's words, "a gross nonsequitur" for the referee to then find that Koteles was not disabled based upon Dr. Lapp's report, which was premised upon the conclusion that Koteles *had not contracted black lung disease.* As such, the referee's ultimate conclusion, that Koteles had contracted black lung disease but was not disabled thereby, is faulty and cannot stand. The referee could not logically accept the medical conclusion of Dr. Lapp without also accepting the premise upon which the conclusion was founded, *i.e.,* that Koteles did *not* have a disease. There were no findings of fact, nor conclusions by any medical evidence, that Koteles was disabled by any other disease nor by any other impairment.

■ When the Board found that part of the referee's finding and conclusion which accepted Dr. Lapp's report to be unsupported by substantial evidence, it properly struck them from the referee's decision. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard),* 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984). The Board also correctly concluded that it need not take additional testimony, after striking Dr. Lapp's report, in order to find that Koteles is totally disabled due to black lung disease, because both it and the referee found Dr. Alpern's report to be competent, substantial evidence. *Dally.* Therefore, we hold that the Board properly reversed the referee and awarded compensation to Koteles.

Accordingly, based on the above, we affirm the Board's order.

## ORDER

NOW, June 7, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.