634 A.2d 592

**INGLIS HOUSE, Appellant,**

**v.**

**WORKMEN'S COMPENSATION APPEAL
BOARD (Laura REEDY), Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1992.

Decided Nov. 4, 1993.

David L. White, for appellant.

Larry Pitt, for Laura Reedy.

Norman R. Haigh, Secretary, W.C.A.B., Barbara Danien, Kathleen Kennedy, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

Laura Reedy was employed as a nursing assistant by Inglis House, a home for persons with physical disabilities. On January 3, 1987, she fell from a chair while on duty. Shortly thereafter she began experiencing back pain. She continued working until the end of her shift and the next day she sought medical attention.

Inglis House denied Workmen's Compensation Benefits and Reedy filed a Claim Petition on January 16, 1987. The referee held a hearing on August 12, 1987, at which the claimant testified. On February 4, 1988, the referee received the deposition testimony of the claimant's medical expert. On December 8, 1988, he received the deposition testimony of the employer's medical expert and the record was closed. At the employer's request, however, the record was reopened on February 23, 1989, and a further hearing was held on March 22, 1989. At this hearing, the employer presented evidence that the claimant had been employed from October 17, 1988, until March 11, 1989, and the claimant testified in response.

The referee issued his decision on June 2, 1989. The claimant was awarded total disability benefits from January 3, 1987, the date of the injury, through October 16, 1988, and partial benefits thereafter, the total benefits being reduced by the amount of earnings from the job commenced October 17, 1988. The referee determined that total benefits should not resume as of the date this employment ceased, however, based on a finding that the claimant had voluntarily abandoned this job.

The Workmen's Compensation Appeal Board sustained the claimant's appeal and reinstated total benefits as of March 12, 1989. The Board's rationale was that

[t]here is no medical evidence in this record which would establish anything other than the Claimant was either totally disabled or completely recovered from the work injury.... [T]he Referee accepted medical evidence indicating the Claimant was totally disabled. It was therefore error on the Referee's part to modify compensation to partial disability other than for the period of time the Claimant actually worked. The Claimant testified she could no longer perform the alternative employment. There is no medical evidence *accepted by the Referee* indicating to the contra [sic]. (Emphasis in original.)

Commonwealth Court affirmed. After restating the Board's conclusion that the referee's findings did not support a deter-

mination of partial disability after March 11, 1989, the court stated

Once a Claimant discharges the burden of proving that because of his injury he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). An employer seeking to prove that a claimant's earning power has increased must produce evidence of a referral (or referrals) to a then open job which fits in the occupational category for which claimant has received medical clearance. *Id.* at 252, 532 A.2d at 380.

Opinion at 599. The court then concluded that "[t]he mere fact that Claimant was employed . . . for a few months neither supports the conclusion that such an opportunity is available to her now, nor that she received medical clearance for the position." *Id.* at 599. We granted the employer's petition for allowance of appeal to consider the application of the *Kachinski* rule in circumstances such as these 530 Pa. 636, 606 A.2d 904.

The appellant points out that the litigation in *Kachinski* developed out of an employer's petition to modify compensation payments, whereas the present case involves an employee's initial claim for benefits. In a modification proceeding, the employer bears the burden of proof, and *Kachinski* did no more than delineate the elements of that burden and the nature of the evidence necessary to meet it. In proceedings on a claim petition, the employee bears the burden of proof, and thus *Kachinski* is inapposite. It makes no sense, argues the appellant, to state that the employer "has the burden of proving that other work is available to the claimant which he is capable of obtaining" or "must produce evidence of a referral (or referrals) to a then open job which fits in the occupational category for which claimant has received medical clearance," at a stage of the proceedings where the employee has the ultimate burden of proof and the employer is arguing that the employee is not entitled to any benefits.

The appellee responds by asserting that she met the burden of establishing entitlement to benefits by proving her inability to do the job she held at the time of the injury. As a result, she argues, the Board and Commonwealth Court properly ruled that the burden shifted to the employer to show both change in her disability and availability of work she was capable of doing, and that there was no evidence in the record to substantiate such findings.

The confusion in this case stems, in large part, from the duration of the proceedings. The injury occurred on January 3, 1987, and the claim petition was filed two weeks later. It was seven months before the claimant testified, and the deposition testimony of her physician/expert was not introduced until six months after that. The next scheduled hearing five months later was continued, and five more months passed before the deposition testimony of the employer's physician/expert was introduced. At this point, nearly two years had elapsed from the date of the injury. To this point, the only question was whether the claimant had sustained a compensable injury; the medical testimony, based on examinations conducted on or before June 10, 1987, was directed to this question. Had the referee made a decision awarding benefits based on his assessment of this evidence, the employer would have been required to meet the *Kachinski* burden in any later proceeding to modify benefits.

The case had still not been decided in January of 1989, however, when the employer requested that the record be reopened and made an offer of proof based on information that had come to its attention that the claimant had been engaged in full-time employment. At the hearing on March 22, 1989, the claimant acknowledged that she had worked full time from October 17, 1988 to March 11, 1989. She testified that she had done so despite continuing pain in her back, and that she had quit because her knees and back were bothering her more than when she had started. Her supervisor testified that the claimant had never appeared to be in pain, had never advised anyone that she was having difficulties in performing

her duties on account of pain, and had simply not shown up for work on March 11, for which she was terminated.[1]

The referee's decision reflects an attempt to accommodate all the evidence that was introduced in effectuating the rights of both parties. Thus the referee concluded, on the basis of the testimony of the claimant's medical expert, that she had sustained a compensable injury and was entitled to total disability benefits. That testimony, however, was based on a physical examination that occurred on June 9, 1987. The referee also found that the claimant had engaged in full-time work from October 17, 1988 through March 11, 1989, more than a year after the aforementioned physical examination. He specifically deemed not persuasive or credible her testimony that she had done so with continuing back pain and that she ultimately left due to physical distress. Thus he concluded that as of October 17, 1988, the claimant was entitled to only partial disability benefits since she was physically able to perform certain work that, obviously, was available to her. He also concluded that because she voluntarily abandoned that work, she was not entitled to resumption of total disability benefits after March 11, 1989.

 "In cases such as the present one, where the Board has taken no additional testimony, the Board is required to accept the facts found by the referee if they are 'supported by competent evidence.' " *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 292, 612 A.2d 434, 437 (1992). "[T]he Board or reviewing court must simply determine whether, upon consideration of the evidence as a whole, the referee's findings have the requisite measure of support in the record." *Id.*

1. The employer makes reference to evidence outside the record that it has since discovered, which, it asserts, demonstrates that the claimant left this employment not because of pain but because she had begun a different job at higher pay. Obviously, we cannot consider evidence outside the record in resolving this appeal. The effect of this evidence on the claimant's right to compensation must be determined in appropriate proceedings pursuant to the Act.

■ The error in the reasoning of the Board and Commonwealth Court is that, viewing the referee's findings of fact with hindsight, it artificially bifurcates the proceedings and as a result improperly shifts the burden of proof. The employer correctly asserts that in a claim proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award. *Fox v. Workmen's Compensation Appeal Board*, 30 Pa.Commw. 93, 373 A.2d 141 (1977). Although with hindsight we may say that the claimant produced evidence establishing that she had suffered a compensable injury, this is not the same as saying that she carried her burden of proof with respect to the proceeding. Her evidence established that she had suffered a compensable injury resulting in total loss of earning capacity that continued through June of 1987; it did not exclude the possibility of her returning to employment in the future. When the record was reopened more than a year and a half after the claimant's last physical examination, the burden of proving entitlement to compensation still rested with the claimant. The employer's evidence that the claimant had been engaged in full time employment and had left this employment without apparent cause was competent evidence on the issue of the extent of the claimant's loss of earning power. In the context of this case, we find that the Board erred in determining that the employer's lack of medical evidence on the question of the claimant's ability to work after March 11, 1989, amounted to an absence of substantial evidence to support the referee's finding.

■ We likewise hold that the Commonwealth Court erred in applying the *Kachinski* standard to determine that the employer's evidence did not support the referee's findings. In *Dugan v. Workmen's Compensation Appeal Board (Fuller Company of Catasauqua)*, 131 Pa.Commw. 218, 569 A.2d 1038 (1990), the claimant suffered a heart attack while on the job. The employer contested his application for benefits. After hearings before a referee, the record was closed, but it was reopened to receive testimony that in the interim the claimant had retired. The referee awarded total disability benefits

from the date of the incident to the date the claimant retired. On the claimant's appeal from the decision to suspend benefits as of the date of his retirement, the Board and the Commonwealth Court affirmed.

Commonwealth Court observed that

As a general rule, to suspend benefits because a claimant no longer suffers a loss of earning power caused by an occupational injury, the employer must prove that employment is available to the claimant. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1990). This rule is inapplicable where a claimant states unequivocally that he has no intention of seeking future employment. An employer need not prove the availability of employment, which a claimant has no intention of pursuing.

*Id.*, 131 Pa.Commw. at 222, 569 A.2d at 1040. Noting that "for purposes of workmen's compensation, the term disability is synonymous with a 'loss of earning power'," the court concluded that, "[c]laimant's loss of earnings was caused by his voluntary retirement from the labor market..... [It] was not occasioned by his injury. Therefore, . . . workmen's compensation benefits were properly suspended." *Id.* at 223–24, 569 A.2d at 1041.

Likewise, this claim petition does not fit the paradigm in which the *Kachinski* rule is applicable. In light of his findings that the claimant had engaged in full time employment for six months without pain, and had quit without good cause, the referee was entitled to conclude that the claimant's loss of earning power after she left this employment was caused not by her injury but by her voluntary decision to abandon the employment. Since the burden of proof was on the claimant at this point, the Commonwealth Court erred in suggesting that the employer had failed to meet its burden of showing availability of employment pursuant to *Kachinski*.

The Order of the Commonwealth Court is reversed. The decision of the Board, reinstating total disability benefits as of March 11, 1989, is vacated. The referee's decision awarding

total disability benefits from January 4, 1987, through October 16, 1988, and partial disability benefits thereafter, to a maximum of 500 weeks, is reinstated.

LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files a dissenting opinion.

PAPADAKOS, Justice, dissenting.

I dissent and would adopt the well-reasoned opinion of the Commonwealth Court authored by Judge McGinley. Since the majority cites and quotes from the unreported memorandum opinion of the Commonwealth Court, I am attaching that opinion.

ATTACHMENT

IN THE COMMONWEALTH COURT
OF PENNSYLVANIA

Inglis House, Petitioner

v.

Workmen's Compensation Appeal
Board (Reedy), Respondent

No. 2739 C.D.1990
Submitted: May 17, 1991

Before: Honorable Bernard L. McGINLEY, Judge

Honorable Robert L. BYER, Judge
Honorable Francis A. BARRY, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY

Filed: August 13, 1991

Inglis House (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which sustained a referee's award of compensation to Laura Reedy (Claimant). We affirm.

On June 16, 1987, Claimant filed a petition alleging that she was injured in the course of her employment as a nurse's aide. Employer filed its answer and a hearing was scheduled. At the hearing, Claimant testified that on January 3, 1987, she bent to adjust her stockings while seated on a wheeled chair and the chair slipped from beneath her. Notes of Testimony, August 12, 1987 (N.T. 8/12/87) at 6. Claimant testified that her back began to hurt soon after the accident. N.T. 8/12/87 at 8, 10. Claimant worked to the end of her shift but sought medical attention the next day. N.T. 8/12/87 at 9, 13. Claimant testified that she was still undergoing treatment for back pain at the time of the hearing and had not returned to work. N.T. 8/12/87 at 20. Claimant stated that she did not think she could return to work as a nurse's aide, but would be willing to try a light-duty position. N.T. 8/12/87 at 21–22. Claimant testified that her weekly salary with Employer was $326.80. N.T. 8/12/87 at 21.

Claimant's medical witness, Dr. Vincent E. Baldino (Dr. Baldino) testified that Claimant suffered a post-traumatic lumbar sprain and strain as a direct result of her work-injury. Deposition of Dr. Baldino, December 12, 1987 (Deposition of Dr. Baldino) at 11–14. Dr. Baldino further testified that Claimant was unable to work as of the date of his last examination. Deposition of Dr. Baldino at 16. Dr. Baldino stated that the last time he personally examined Claimant was June 9, 1987. Deposition of Dr. Baldino at 32.

Employer's medical witness, Andrew J. Collier, Jr., M.D. (Dr. Collier) testified that he examined Claimant on June 10, 1987. Deposition of Dr. Collier, December 9, 1989 (Deposition of Dr. Collier) at 4. Dr. Collier opined that although Claimant sustained an acute lumbo-sacral strain and sprain she had recovered. Deposition of Dr. Collier at 8. It was Dr. Collier's opinion that Claimant could return to work as a nurse's aide. Deposition of Dr. Collier at 8.

The depositions of Dr. Baldino and Dr. Collier were admitted into evidence at a hearing held on December 8, 1988 before referee Scott Olin. The record was closed at that time.

Before Referee Olin reached a decision, he reopened the record at Employer's request so that Employer could present evidence that Claimant had returned to work.

At a hearing held on March 22, 1987, Employer presented the testimony of Barbara Bullock (Ms. Bullock), assistant manager of K–Mart, Broomall, Pennsylvania. Ms. Bullock testified that Claimant began working at K–Mart on October 17, 1988 as an apparel service employee at a salary of $4.25 per hour. Notes of Testimony, March 22, 1988 (N.T. 3/22/88) at 4. Ms. Bullock testified that Claimant last worked on March 11, 1989, and her employment with K–Mart terminated on March 15, 1989 because of a failure to report for work. N.T. 3/22/88 at 5. Ms. Bullock also testified that Claimant never complained to her about pain or problems performing her duties, nor did she ever miss time from work because of a back injury. N.T. 3/22/88 at 6. Claimant, in turn, testified that she took a job she characterized as "light-duty" at K–Mart, N.T. 3/22/88 at 8–9, but that she left this job because the duties of the job caused her back pain. N.T. 3/22/88 at 10.

The referee concluded that Claimant met her burden of proving that she sustained a total physical disability as a result of her work-related injury of January 3, 1987, and awarded Claimant compensation benefits of $217.65 per week for total disability during the period from January 4, 1986 through October 16, 1988. Decision of the Referee, June 9, 1989, at 5. However, the referee also concluded that because Claimant demonstrated the ability to work at a wage of $148.75 as of October 17, 1988, her benefits should be reduced accordingly. *Id.* The referee declined to reinstate full benefits as of March 12, 1988, finding that Claimant demonstrated she was partially disabled, and voluntarily abandoned her employment with K–Mart. *Id.*

Both Employer and Claimant appealed to the Board. Claimant appealed on the basis that the referee's finding of partial disability was not based on substantial evidence. The Board sustained Claimant's appeal, reinstating total disability payments as of March 11, 1989. The Board stated that there

was no medical evidence in the record to substantiate anything other than Claimant's total disability or total recovery. Opinion of the Board, November 29, 1990, at 3. The Board found that it was error for the referee to modify Claimant's benefits and find her partially disabled, particularly after accepting the testimony of Claimant's medical witness, Dr. Baldino, that Claimant was totally disabled. *Id.*

Employer also alleges that the referee's finding as to Claimant's average weekly wage at the time of her injury and the resulting compensation rate are incorrect. The Board dismissed Employer's appeal, finding that Claimant's testimony supported the figure used by the referee in his calculations. The Board stated, "[Employer] neither objected to the testimony of the Claimant on this point, nor did it present any evidence which would have permitted the referee to reach any finding other than the one he did." Opinion of the Board at 4–5.

Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Vinglinsky v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 139 Pa.Commonwealth Ct. 15, 589 A.2d 291 (1991).

Employer first alleges the Board erred in failing to make a determination as to whether the referee's Finding of Fact No. 17 is supported by substantial evidence. Employer asserts that this finding, as reproduced below, is supported by substantial evidence:

Although the Claimant testified that she performed her job at K–Mart with continuing back pain and ultimately left that position due to physical distress, this testimony is not deemed persuasive or credible. The Claimant conceded that she left her position after March 11, 1989 *without* informing her new employer of her alleged inability to perform the job due to residuals from her work injury of January 3, 1987 (N.T., March 22, 1989). There is also no indication that during her five (5) months of employment

with K–Mart, the Claimant missed any work days, or was given modified duties, or performed her duties in a less than satisfactory manner due to residuals from her January 3, 1987 injury. As such, the Referee specifically finds that as of March 12, 1989, the Claimant voluntarily abandoned without excuse or justification a work position that she was physically able to perform with no physical restrictions.

Decision of the Referee at 4 (Emphasis in original).

It is certainly within the referee's authority to reject Claimant's testimony that the reason she left her employment with K–Mart was because of residual back pain. As Employer notes in its brief, credibility determinations of a referee are beyond the scope of the Board's review. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990). Employer argues that the evidence of record supports the particulars of the finding in question, and that the Board ignored the referee's credibility determination as to Claimant's testimony, substituting its own credibility determination. In doing so, Employer argues that the Board ignored the only issue before it and usurped the authority of the referee.

It is true that the Board's opinion did not contain an evaluation of the sufficiency of the evidence supporting Finding of Fact No. 17. However in rejecting the finding, the Board did not substitute its own credibility determination. Rather, the Board's opinion indicates that the Board considered the referee's Finding of Fact No. 17 to be insufficient *as a matter of law* to support the conclusion that Claimant was partially disabled:

The Claimant has testified that she could no longer perform the alternative employment. There is no medical evidence *accepted by the Referee* indicating to the contra. [sic] Thus, in determining the Claimant can work, the Referee has over-stepped his bounds as a fact finder and has become a medical expert. This is an error of law. It is not the Referee's function to diagnose whether or not a Claimant

can work based upon the Referee's own observations of the Claimant. The Referee's determination of ability to work must be based upon substantial medical evidence in the record.

Opinion of the Board at 3 (Emphasis in original).

This Court has previously held that a referee may find that a claimant is partially disabled when faced with the conflicting reports of medical experts, one which states that the claimant is not disabled and one which states that the claimant is totally disabled. *USX Corporation v. Workmen's Compensation Board of Appeals (Koteles)*, 133 Pa.Commonwealth Ct. 419, 576 A.2d 419 (1990). In *USX Corporation,* we stated "[a]s the referee was free to credit the testimony of each physician in part, he could have properly concluded that, although the employer had failed to prove that the claimant was totally recovered, the evidence showed that the claimant was only partially disabled." *Id.* at 423, 576 A.2d at 421.

A close reading of the referee's findings of fact, particularly the disputed Finding of Fact No. 17, reveals that the referee did not base his finding of partial disability on a combination of medical evidence, however, but rather on Claimant's return to employment. For the purposes of workmen's compensation "disability" is a term synonymous with "loss of earning power." *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Company)*, 118 Pa.Commonwealth Ct., 424, 427, 545 A.2d 465, 466 (1988). The logical extension of this principal is that if there is proof that a claimant's earning power has improved, there is proof that the claimant's disability has abated. Proof existed that Claimant's earning power improved for the period October 17, 1988 to March 11, 1989 because the record indicates that Claimant was employed by K–Mart during this period. However, the Board was correct in its conclusion that the referee's findings do not support a determination of partial disability on or after March 12, 1989 when Claimant was no longer employed by K–Mart.

Once a Claimant discharges the burden of proving that because of his injury he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). An employer seeking to prove that a claimant's earning power has increased must produce evidence of a referral (or referrals) to a then open job which fits in the occupational category for which claimant has received medical clearance. *Id.* at 252, 532 A.2d at 380.

Employer cites to a series of decisions which hold that if a claimant returns to work but later abandons the position voluntarily, the claimant is not entitled to the resumption of total disability benefits. *See Crain v. Small Tube Products, Inc.*, 200 Pa.Super. 426, 188 A.2d 766 (1963); *Workmen's Compensation Appeal Board v. John W. Galbreath & Co.*, 20 Pa.Commonwealth Ct. 283, 341 A.2d 541 (1975); *Woodard v. Workmen's Compensation Appeal Board*, 49 Pa.Commonwealth Ct. 558, 411 A.2d 890 (1980); *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Cochran)*, 93 Pa.Commonwealth Ct. 175, 500 A.2d 1279 (1985). All of these cases, however, were decided before the Pennsylvania Supreme Court's decision in *Kachinski*, and all involved a claimant who had returned to work with the pre-injury employer.[1] If the employer does not produce evidence that a

1. The only case cited by Employer which deals with voluntary abandonment in the post-*Kachinski* era is *Dugan v. Workmen's Compensation Appeal Board (Fuller Company of Catasaugua )*, 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990). We note that since *Dugan* is an award of benefits case rather than a modification case, the Court's consideration of *Kachinski* in its decision points out the fact that *Kachinski* controls whenever an employer seeks to prove that a claimant is capable of returning to employment. *Dugan* holds that an employer is not required to prove the availability of work for a claimant who has testified to his "voluntary abandonment" by retirement, and unwillingness to consider other employment. *Id.* at 222, 569 A.2d at 1040. The present case is distinguishable from the situation in *Dugan*, as Claimant testified to her willingness to try light work.

light duty position is waiting and available with the employer for claimant, evidence that other employment opportunities are available is required. The mere fact that Claimant was employed at K–Mart for a few months neither supports the conclusion that such an opportunity is available to her now, nor that she received medical clearance for the position.

Employer also alleges that the Board erred in not granting a rehearing based on the referee's miscalculation of Claimant's average weekly wage. The referee used the figure of $326.80, as testified to by Claimant. Decision of the Referee at 2. Employer argues that the information provided by Claimant was incorrect and "sketchy," and that the Board should not have rejected its Statement of Wages, submitted at the time of the appeal. Employer does not explain the failure to submit any information concerning Claimant's average weekly wage at either of the hearings scheduled before the referee. Instead, Employer seeks to support for a recalculation from *Drozd v. Workmen's Compensation Appeal Board (The Lion, Inc. and Liberty Mutual Insurance Company )*, 86 Pa.Commonwealth Ct. 364, 485 A.2d 96 (1984).

In *Drozd,* the referee committed an error of law as a result of an incorrect calculation of the claimant's benefits. The fact that this Court directed a recalculation of the claimant's benefits in *Drozd,* and in *Fowler v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 503, 393 A.2d 1300 (1978), another case involving a referee's error in calculation, does not excuse Employer from the failure to present evidence concerning Claimant's wages to the referee in the present case. Where the evidence sought to be introduced at the requested rehearing was readily available at the time of the original hearing, denial of a rehearing is not an abuse of discretion on the part of the Board. *Dominijinni v. Workmen's Compensation Board of Appeals (DeCarlo )*, 135 Pa.Commonwealth Ct. 204, 581 A.2d 245 (1990).