**BOBOLI CO./PHILLIP MORRIS,**
**Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL**
**BOARD (BONNER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 1997.

Decided July 10, 1997.

Susan McLaughlin, Philadelphia, for petitioner.

Jeffrey C. Majikas, Hazleton, for respondent.

Before COLINS, President Judge, McGINLEY, J., and LORD, Senior Judge.

COLINS, President Judge.

Boboli Co./Phillip Morris (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed, in pertinent part, a decision of a workers' compensation judge (WCJ) granting disability benefits to Brenda Bonner (Claimant) as of February 2, 1993 and ongoing. Employer argues that this Court should overrule a series of our cases reaching back to 1991 as a basis to reverse the Board. We decline to do so and affirm the Board.

The relevant facts are as follows. Claimant was employed by Employer as a dough stretcher on a production line stretching dough balls into pizza shells for ten-hour shifts. In January 1992, Claimant's wrists and forearms began to ache. Claimant sought treatment and ultimately came under the care of Employer's company physician, John P. Amentler, M.D., who placed Claimant on light duty. Thereafter, Claimant made several attempts to return to full duty, only to find a recurrence of pain. Eventually, Employer informed Claimant that it no longer had work for her under Dr. Amentler's restrictions, and Employer terminated Claimant's employ. Claimant sought workers' compensation benefits, alleging disability from work-related injuries, namely, tendinitis of her wrists and forearms.

Claimant presented, along with other evidence, the testimony of Dr. Amentler by way of deposition; Employer presented no medical testimony or other evidence. Dr. Amentler opined that Claimant suffered acute tendinitis of the extensor tendon of both thumbs, as well as bilateral epicondylitis or tennis elbow, and that these injuries were job related as a result of Claimant's pinching and stretching pizza dough. Dr. Amentler testified that Claimant's symptoms lessened after treatment and light duty work, where pinching and stretching the dough were not required. After returning to full-duty work as a dough stretcher, however, Claimant again experienced pain indicative of tendinitis. At Dr. Amentler's last examination of Claimant prior to his deposition, and several months after Claimant was let go by Employer, Claimant was diagnosed as having chronic pain in the hands with myalgia. She had recovered from the tendinitis caused by her work with Employer, however. Notwithstanding, Dr. Amentler opined that Claimant was not capable of performing her full-duty job with Employer. Moreover, Dr. Amentler stated that if Claimant did return to this full-duty job, she would develop acute tendinitis. It was Dr. Amentler's opinion that Claimant was unable to engage in any occupation that would place a heavy burden on the extensor tendons of her hands and forearms, especially an occupation involving precision gripping and frequent movements.

The WCJ found Dr. Amentler's testimony credible regarding Claimant's disability. Because Employer did not attempt to demonstrate the availability of work for Claimant within her restrictions, the WCJ awarded full disability payments to Claimant commencing February 2, 1993, the date Claimant was terminated with Employer.[1] The Board affirmed, and this petition for review followed. Our review is limited to determining whether violations of constitutional rights or errors of law were committed, or whether the WCJ's findings of fact are adequately supported by substantial, competent evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation*

---

1. The WCJ also awarded benefits for a short period when Claimant was absent from work. The Board reversed that award, and the Board's determination with regard to this matter is not at issue.

*Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

Employer argues that Dr. Amentler's testimony that Claimant's work-related tendinitis had resolved requires that this Court reverse the Board, despite Dr. Amentler's further testimony that Claimant's return to unrestricted work with Employer will cause a recurrence of Claimant's disability. Employer does not dispute that this Court has repeatedly held that the disappearance of symptoms of a work-related injury or an aggravation of a pre-existing condition will not bar an award of benefits if the symptoms would reappear upon the claimant's return to the former work environment. *See Fink v. Workmen's Compensation Appeal Board (Walbridge Corporation)*, 678 A.2d 853 (Pa. Cmwlth.1996) (en banc); *Knapp v. Workmen's Compensation Appeal Board (GTE)*, 671 A.2d 258 (Pa.Cmwlth.1996); *Cox v. Workmen's Compensation Appeal Board (Brookville Glove Manufacturing)*, 144 Pa. Cmwlth.147, 601 A.2d 404 (1991). Rather, Employer argues that these cases were wrongly decided and result in unconstitutional takings of employers' property without "legal grounds or due process." Brief of Employer, p. 14.

The challenged cases rely upon *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987), which (Employer points out) is a reinstatement case rather than a claim petition case. The challenged cases and the case before us are claim petition cases. Employer argues that because the burdens of proof are different in reinstatement and claim petition cases, *Farquhar* may not be relied upon as authority in a claim petition case.

The analysis in *Farquhar*, however, is rooted in the Court's discussion of what constitutes a compensable injury allowing for an award of workers' compensation benefits. *Farquhar* clearly states that a claimant proves a compensable injury if the injury renders the claimant unfit to do the type of work engaged in when injured, even if the symptoms of the injury have abated. *Id.* at 329, 528 A.2d at 587. Further, *Farquhar* bases this analysis on prior law involving claim petition cases. *See, e.g., Lash v. Work-*

*men's Compensation Appeal Board*, 491 Pa. 294, 420 A.2d 1325 (1980). Employer advances no authority or analysis that demonstrates that such long-established law violates constitutional guarantees. Therefore, Employer's argument is wholly without merit.

Employer also argues incorrectly that the Board must be reversed pursuant to *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). In *Inglis House*, the Court determined that a claimant did not establish a right to receive benefits where the claimant, following injury, worked a subsequent job without experiencing pain and then voluntarily quit this second job. Under these circumstances, the claimant's loss of earning power arose from her quitting work, not from an occupational injury; therefore, workers' compensation benefits were not warranted. In this case, Claimant proved that her loss of earning power arose directly from her occupational injury.

Finally, Employer argues that this case should, at the least, be remanded to the WCJ because the WCJ "did not understand the record before him" and because the Board improperly acted as a fact finder. Brief of Employer, p. 3. This argument is based upon the fact that the WCJ did not make a direct finding concerning Dr. Amentler's testimony that Claimant's tendinitis had resolved. Employer contends that the Board therefore "guessed" that the WCJ would have awarded benefits had the WCJ "understood" that there was testimony in the record that the tendinitis had resolved.

Employer's argument is wholly frivolous. First, there is nothing in the record that indicates that the WCJ was unaware of Dr. Amentler's complete testimony or that the WCJ failed to understand the record or the law regarding the issue at hand. Second, Employer does not identify any "fact" found by the Board. Third, Employer does not argue that the relevant facts found by the WCJ are not supported by substantial evidence or that these facts are insufficient to support Claimant's award of benefits, except to the extent that it argues—incorrectly—

that the law under which the award was made is invalid. The WCJ found that Claimant was disabled and unable to return to her pre-injury job with Employer. These findings are supported by substantial evidence of record. The Board did nothing more than correctly apply current and valid law to the facts of record. Therefore, we have no basis to order a remand.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 10th day of July, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.