IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Omni Pharmacy Services, LLC,     :
          Petitioner     :
        :
      v.            :    No. 1333 C.D. 2019
        :    Submitted: September 15, 2020
Bureau of Workers' Compensation     :
Fee Review Hearing Office     :
(American Interstate Insurance     :
Company),     :
          Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: October 30, 2020

Omni Pharmacy Services, LLC, (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation (Bureau), Fee Review Hearing Office (Hearing Office), that vacated three determinations of the Bureau's Medical Fee Review Section. At issue are Pharmacy's invoices for compound creams that it dispensed to Charles Gilbert (Claimant) for treatment of a work injury, which Stitzer Crane Services, Inc./American Interstate Insurance Company (Employer) refused to pay. When the Medical Fee Review Section directed Employer to pay Pharmacy's invoices, Employer appealed. The Hearing Office held that Pharmacy's fee review petition was premature; dismissed Employer's appeal of the determination of the Medical Fee Review Section for lack of jurisdiction; and vacated the determinations of the Medical Fee Review Section directing Employer to pay Pharmacy's invoices for the compound creams.

Before this Court, Pharmacy asserts that the Hearing Office erred. Pharmacy contends that its fee review petition was appropriate because Employer

has acknowledged Claimant's work injury. If Employer believed the compound creams were not reasonable and necessary to treat Claimant's work injury, it should have sought utilization review. Because Employer did not do so, Pharmacy contends that its fee review petition was not premature.

## I. Background

On September 19, 2017, Claimant sustained a work injury in the nature of a left ankle fracture.[1] To treat Claimant's pain, Bradley Barter, D.O., prescribed a compound cream consisting of transdermal pain base cream, amitriptyline, diclofenac, gabapentin, lidocaine and baclofen.[2] Reproduced Record at 12a (R.R. __). Claimant was instructed to apply the compound cream to the "affected area" two to four times a day, as needed. *Id.*

Pharmacy dispensed the compound cream to Claimant on May 24, 2018, June 21, 2018, and July 19, 2018.[3] Pharmacy submitted invoices to Employer in the amount of $6,081.09 for all three transactions; the invoices contained the following information:

- Date of Service
- Names of the drugs/medications
- NDC [National Drug Code] numbers for all components of the medication
- Prescribing Physician
- Prescription number

---

[1] The existence of Claimant's accepted work injury is not contested.

[2] There were two prescriptions, dated February 8, 2018, and April 26, 2018, for the identical compound cream.

[3] Pharmacy filed an additional application for fee review for a compound cream dispensed to Claimant on April 26, 2018. The Hearing Office concluded that application was not before it. Adjudication at 5, Finding of Fact (F.F.) No. 12, n.4.

2

- Diagnosis Code
- Date of Injury
- Itemized and total amount due.

R.R. 10a-11a, 19a-20a, 78a-79a.

Employer denied payment of all three invoices, stating it was not liable for the treatments.[4]  Adjudication at 3, F.F. No. 6.  Pharmacy then filed fee review applications with the Medical Fee Review Section.  After review, the Medical Fee Review Section issued determinations in favor of Pharmacy on all three fee review applications.  It directed Employer to pay repriced invoices in the amount of $4,827.56, plus interest at the rate of 10% *per annum*, calculated from the date payment on each bill was due.  R.R. 35a, 43a, 85a.

Employer requested hearings to contest the three determinations of the Medical Fee Review Section.  The Hearing Office consolidated the hearings.  At the hearing, Employer stated that Pharmacy's "bills have been denied on the issue of causation."  Notes of Testimony, 11/28/2018, at 8 (N.T. __); R.R. 27a.  Employer asked the Hearing Office to "divest itself of jurisdiction" of Employer's requested hearing for the stated reason that causation "must be determined by a Workers' Compensation Judge [(WCJ).]"  N.T. 8; R.R. 27a.  Pharmacy argued that Employer asserted its causation issue without presenting any evidence that the compound cream was not prescribed for treatment of Claimant's work injury.  Neither Employer nor Pharmacy presented testimonial evidence.

The Hearing Office concluded "that there is a dispute between [Employer and Pharmacy] pertaining to the causal relationship of the prescribed compound cream and the accepted work injury."  Adjudication at 6, F.F. No. 20.

---

[4] Employer's denial of the invoice for the June 21, 2018, cream was not entered into evidence.

3

Based on that conclusion, the Hearing Office dismissed Employer's request for a hearing for the stated reason that it lacked jurisdiction. It then vacated the three fee review determinations of the Medical Fee Review Section directing Employer to pay Pharmacy's invoices.

## II. Appeal

Pharmacy has petitioned for this Court's review,[5] asserting that the Hearing Office erred. Employer has accepted liability for Claimant's work injury, but it did not seek utilization review of the compound creams as neither reasonable nor necessary to treat Claimant's work injury. Pharmacy contends our recent decision in *Workers' First Pharmacy Services, LLC v. Bureau of Workers' Compensation Fee Review Hearing Office (Gallagher Bassett Services)*, 225 A.3d 613 (Pa. Cmwlth. 2020), requires this Court to reverse the Hearing Office's determination that it lacked jurisdiction.

## III. Discussion

We begin with a review of the relevant provisions of the Workers' Compensation Act (Act).[6] It requires employers to make prompt payment on provider invoices for reasonable and necessary medical treatment of a claimant's work injury, and it establishes procedures for resolving disputes between a provider and an employer about whether the treatment actually meets that standard. Specifically, Section 306(f.1)(5) of the Act states:

---

[5] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (US Steel Corporation)*, 980 A.2d 181, 184 n.4 (Pa. Cmwlth. 2009). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc. v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

4

The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. *All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6).* The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. *A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the [Department of Labor and Industry] no more than thirty (30) days following notification* of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

77 P.S. §531(5) (emphasis added). "Paragraph 6" of Section 306(f.1) states, in relevant part, as follows:

*[D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions*:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to

5

perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review.

77 P.S. §531(6)(i) (emphasis added).

As does Section 306(f.1)(6) of the Act, the Department of Labor and Industry's cost containment regulation states that utilization review decides the "reasonableness or necessity of the treatment[.]" 34 Pa. Code §127.406(a). That regulation also states that utilization review does "not decide" the "causal relationship between the treatment under review and the employe's work-related injury." 34 Pa. Code §127.406(b)(1).[7] Finally, the regulation states that "[i]n medical only cases, when an insurer is paying for an injured worker's medical treatment" but has not admitted liability for a work-related injury, "the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for [utilization review]." 34 Pa. Code §127.405(a).

In sum, where an employer challenges a provider's treatment as neither reasonable nor necessary for a work injury, it may seek utilization review pursuant to Section 306(f.1)(6) of the Act, 77 P.S. §531(6). Until the utilization review is completed, the employer may "suspend payment to the provider." 77 P.S. §531(5). Where a provider does not receive payment within 30 days (and payment has not

---

[7] The regulation states that utilization review determines whether treatment for an accepted work injury is "reasonable or necessary," but it does not determine the "causal relationship between the treatment under review" and the work injury. 34 Pa. Code §127.406(a), (b)(i). There is some ambiguity in the regulation. Where the existence of a work injury or its scope are disputed, then "cause" is beyond utilization review. However, once the work injury is established, the "reasonableness or necessity" of treatment must be determined in utilization review, not in a claim petition proceeding. This is a statutory requirement. Section 306(f.1)(6) of the Act, 77 P.S. §531(6).

6

been stayed by an employer's utilization review request), the provider may file a fee review petition pursuant to Section 306(f.1)(5) of the Act, 77 P.S. § 531(5).

Whether a claimant has sustained a work injury and the scope of that work injury are questions that must be litigated in a claim petition proceeding. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). A fee review proceeding is not the mechanism for establishing the existence and precise scope of a work injury. As this Court has explained,

> the fee review process *presupposes* that liability has been established, either by voluntary acceptance by the employer or a determination by a WCJ. Neither the Act nor the medical cost containment regulations provide any authority for a fee review officer to decide the issue of liability in a fee review proceeding. *The Department's regulations, at 34 Pa. Code §127.255(1), state that an application for fee review filed by a provider is premature and will be returned if "[t]he insurer denies liability for the alleged work injury."* The issue for the fee review officer is the "amount and timelines[s] of the payment made by an insurer." 34 Pa. Code § 127.251.

*Nickel v. Workers' Compensation Appeal Board (Agway Agronomy)*, 959 A.2d 498, 503 (Pa. Cmwlth. 2008) (emphasis added). Accordingly, a fee review petition is premature in the following instances:

> (1) The insurer denies liability for the alleged work injury.
>
> (2) The insurer has filed a request for utilization review of the treatment under Subchapter C (relating to medical treatment review).
>
> (3) The 30-day period allowed for payment has not yet elapsed, as computed under § 127.208 (relating to time for payment of medical bills).

34 Pa. Code §127.255.

In *Workers' First Pharmacy*, 225 A.3d at 615, the employer contested liability for a compound cream, arguing that the treatment was inconsistent with the claimant's accepted work injury, *i.e.*, a right shoulder strain. The work injury was accepted pursuant to a compromise and release (C&R) agreement, and the employer agreed to pay all medical bills related to the accepted work injury. However, the C&R agreement did not specify that the compound cream was related to the accepted work injury.

The Hearing Office found that liability for the compound cream had to be established either by the employer's acceptance of liability or by the WCJ in a claim petition proceeding. Because the C&R agreement did not state that the compound cream was related to the work injury, liability was not established. As such, the pharmacy's fee review petition was dismissed as premature. The pharmacy appealed, and we reversed the Hearing Office.

We rejected the employer's argument that its liability for the compound cream had to be established in a claim petition proceeding where the employer had accepted liability for the work injury. The "sole question [was] whether the compound cream was reasonable and necessary for treatment of the accepted work injury. This is an issue for utilization review." *Id.* at 621.

We explained that once liability for a work injury has been established, the employer may file a modification petition to change the scope of the accepted injury or it can seek utilization review, which stays the 30-day deadline to pay a provider's invoice. A claimant "may be under treatment for an array of medical problems, only some of which relate to the work injury. It is for the Utilization Review Organization to sort this out." *Id*. at 620-21. Stated otherwise, if the compound cream was prescribed for a medical problem that is not work-related, "*a*

8

*fortiori* it is not reasonable or necessary for treatment of [the] accepted work injury." *Id*. at 621. Accordingly, we vacated the adjudication and remanded the matter to the Hearing Office for an adjudication on the merits of the employer's appeal of the fee review determination.

Pharmacy argues that the facts in this case are identical to *Workers' First Pharmacy*. Here, as in *Workers' First Pharmacy*, Employer accepted liability for a work injury; Employer denied reimbursement to Pharmacy for the stated reason that the compound cream was not causally related to the work injury; Pharmacy filed fee review applications; and Employer did not request utilization review.

Employer argues that *Workers' First Pharmacy* is distinguishable because it involved a C&R agreement. We disagree. How an employer's liability is established is irrelevant. Liability can be established by a C&R agreement, in a Notice of Compensation Payable, or in an adjudication by a WCJ. What is relevant is that, here, Employer accepted liability for Claimant's work injury. As in *Workers' First Pharmacy*, Employer is challenging whether the compound cream prescribed to Claimant constituted reasonable and necessary treatment for the accepted work injury. Simply, "[i]f the compound cream was prescribed for a non-work-related injury of [the claimant], *a fortiori* it is not reasonable or necessary for treatment of [the] accepted work injury." *Id*. at 621.

For these reasons, we vacate the adjudication of the Hearing Office and remand this matter for a decision on the merits of the fee review determinations.

_____
MARY HANNAH LEAVITT, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Omni Pharmacy Services, LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1333 C.D. 2019 |
| | : | |
| Bureau of Workers' Compensation | : | |
| Fee Review Hearing Office | : | |
| (American Interstate Insurance | : | |
| Company), | : | |
| Respondent | : | |

**O R D E R**

AND NOW, this 30th day of October, 2020, the order of the Bureau of Workers' Compensation Fee Review Hearing Office, dated August 27, 2019, is hereby VACATED, and this matter is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge