# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Intertek USA, Inc.,                        :
                  Petitioner       :
                                   :
        v.                 : No.  486 C.D. 2022
                                   : Submitted:  February 17, 2023
Amol Hate (Workers' Compensation          :
Appeal Board),                            :
             Respondent        :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                   FILED:  June 14, 2023

Intertek USA, Inc. (Employer) filed a Petition for Review (Petition) of the April 19, 2022 order of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) October 14, 2021 order granting Amol Hate's (Claimant) Claim Petition.  Employer argues on appeal the Board erred in affirming the WCJ's decision to grant Claimant's Claim Petition where Employer terminated Claimant's employment for cause.  We affirm.

## I. Background and Procedural History

Claimant worked in Employer's petroleum inspection division. WCJ Decision, 10/14/21 (WCJ Dec.), Findings of Fact (F.F.) ¶ 4.a. His duties included inspecting products coming into and leaving refineries. *Id.* He collected samples by climbing a 40- to 60-foot tank and using his arms to dip and fill a glass bottle. *Id.* In October 2019, Claimant started to have pain in his right shoulder. *Id.* ¶ 4.b.

As his pain became worse, Claimant notified his direct supervisor. *Id.* Claimant continued performing his job and the pain in his right shoulder increased. *Id.* In January 2020, Claimant went to his family doctor, Sakthipriya Janarthanan (Dr. Janarthanan), who ordered an x-ray and an electromyography (EMG). Claimant also sought treatment with Dr. Dean Trevlyn (Dr. Trevlyn), who is board-certified in orthopedic surgery. *Id.* ¶¶ 4.b & c, 6. In March 2020, Dr. Trevlyn gave Claimant a cortisone shot in his right shoulder. *Id.* ¶ 4.c. After giving Claimant the cortisone shot, Dr. Trevlyn gave Claimant a note for two to three weeks of light-duty work. *Id.* ¶ 4.d. Claimant provided the note to Employer, but there was no light-duty work available, so Claimant was home on medical leave for seven days. *Id.* ¶ 4.d & g. From January 2020 through July 2020, Claimant performed his full-duty job with difficulty. *Id.* ¶ 4.d.

On July 13 or 14, 2020, Claimant was driving from Pennsylvania to Maryland for work, and he stopped to get a coffee at a convenience store. *Id.* ¶ 4.d. & i. During that stop, another vehicle struck Claimant's car in the parking lot. *Id.* ¶ 4.d. Claimant reported the accident to his Employer on July 14, 2020. *Id.* On July 15, 2020, Claimant was out of the office to complete an x-ray and EMG, and as a result of the testing, his doctors advised him to have surgery. *Id.* ¶ 4.g & c. On July 16, 2020, Claimant informed Employer he would be out of work for three to four months for

surgery. *Id.* ¶ 4.d. On that same day, Employer terminated Claimant's employment because of the July 2020 car accident. *Id.*

On August 7, 2020, Claimant filed a Claim Petition alleging he sustained a right shoulder injury on October 1, 2019, due to cumulative trauma from his work with Employer. He sought ongoing total disability benefits beginning July 16, 2020, the day Employer terminated his employment. On August 21, 2020, Claimant had surgery on his right shoulder. *Id.* ¶ 4.e.

On August 25, 2020, Employer issued a Notice of Compensation Denial (NCD) denying that on October 1, 2019, Claimant sustained an injury to his right shoulder during the course and scope of his employment.

In an October 14, 2021 decision and order, the WCJ granted Claimant's Claim Petition. The WCJ found Claimant met his burden of proving he sustained a work-related injury (adhesive capsulitis), from which he became totally disabled as of August 21, 2020. *Id.*, Conclusions of Law (C.L.) ¶ 2. The WCJ found Claimant was entitled to indemnity benefits from August 21, 2020, and ongoing. *Id.*, F.F. ¶ 24. The WCJ found Claimant was not entitled to indemnity benefits from July 16, 2020, through August 21, 2020, because Claimant was fired for cause. *Id.* ¶ 26.

The Board affirmed the WCJ in an April 19, 2022 opinion and order, and Employer appealed.[1] On appeal, Employer presents the following issue:

> [W]hether the decisions of [the WCJ] and the [Board] are supported by substantial evidence and whether [the WCJ] and the [Board] erred as a matter of law by failing to limit the benefits owed to Claimant based upon his termination for cause and ability to work in a light duty capacity.

Employer's Petition for Review ¶ 11.

_____

[1] Claimant was precluded from filing a brief by October 6, 2022 order of this Court.

## II. Discussion

In a workers' compensation appeal, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board's decision violates a party's constitutional rights. *See Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.),* 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky),* 421 A.2d 1060, 1062 (Pa. 1980). Questions of credibility, conflicting medical evidence and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.),* 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015).

Claimant, as the moving party in a claim petition proceeding, bears the burden of proving all elements necessary to support an award, including the existence of an injury and disability and a causal relationship between the work-related injury and the alleged incident. *Inglis House v. Workmen's Comp. Appeal Bd.(Reedy),* 634 A.2d 592, 595 (Pa. 1993). Claimant also has the burden to prove the extent and duration of disability. *Id*.

First, regarding the existence of an injury, Claimant testified by deposition that in October 2019, he started to have pain in his right shoulder. WCJ Dec. F.F. ¶ 4.b. Dr. Trevlyn performed a physical examination of Claimant and diagnosed Claimant with adhesive capsulitis, or frozen shoulder. *Id*. ¶ 6.a. Dr. Trevlyn opined that Claimant "inflamed his shoulder with the repetitive activities at work which led to the development of adhesive capsulitis." *Id*. ¶ 6.e. While there was no identifiable

incident or accident, this Court has held an injury "is not required to have resulted from any sudden occurrence or accident but may be due to daily trauma or a daily aggravation of a pre-existing injury." *Firestone Tire & Rubber Co. v. Workmen's Comp. Appeal Bd.,* 396 A.2d 902, 904 (Pa. Cmwlth. 1979) (citations omitted).

The WCJ found Claimant suffered from adhesive capsulitis as a result of the "repetitive trauma of his work duties . . . ." WCJ Dec., F.F. ¶ 22. The WCJ found Claimant's description of how his job duties aggravated his right shoulder "plausible and believable." *Id*. ¶ 17. Relying upon the testimony of both Claimant and Dr. Trevlyn, the WCJ had substantial evidence to find Claimant suffered an injury.

Second, regarding disability, we recognize disability is synonymous with loss of earning power. *Eljer Indus. & Travelers Ins. Co. v. Workers' Comp. Appeal Bd. (Evans),* 707 A.2d 564 (Pa. Cmwlth. 1998). In support of his claim the injury resulted in disability, Claimant testified he could not use his right hand and could not return to his pre-surgery position because it caused him pain. WCJ Dec., F.F. ¶ 5.d & e. The WCJ observed Claimant could lift his right hand "up to 130 or 135 degrees" while he could lift his left hand "up to 160 or 165 degrees." *Id*. ¶ 5.d. The WCJ credited Claimant's testimony of his inability "to lift anything with his right hand because of the pain in his shoulder." *Id*. The WCJ found Claimant's "injury of repetitive trauma" resulted in disability as of the date of his surgery. *Id*. ¶ 17.

Employer argues it should not have remained liable for making indemnity payment to Claimant after terminating his employment. While *Vista International v. Workers' Compensation Appeal Board (Daniels),* 742 A.2d 649 (Pa. 1999), deals with partial disability, it is instructive. In *Vista*, our Supreme Court directed we give

> appropriate consideration to the initial cause of the loss of earnings capacity, namely, the work-related injury, rather than shifting the entire focus of the inquiry to an event,

5

such as a subsequent termination, which interrupts the claimant's present income stream, but is not the sole cause of the continuing diminishment in ability to perform work. Moreover, it is consistent with the language of the Act,[2] which defines partial disability benefits according to the loss of earnings power, [Section 306(b) of the Act], corresponds to the Act's remedial purpose, and has the effect of providing compensation for that portion of a claimant's loss in earnings capacity that the claimant cannot recover in the marketplace due to a continuing inability to perform full employment.

*Vista*, 742 A.2d at 655. In this instance, Claimant became disabled from an injury related to his work with Employer. Regardless of his termination, as of his August 21, 2020 surgery, Claimant continued to experience a loss of earnings capacity resulting from his work-related injury.

Recognizing his disability began on August 21, 2020, the WCJ did not grant Claimant indemnity benefits beginning July 16, 2020, as Claimant requested in his Claim Petition. From January to July 2020, Claimant performed his full-duty position, albeit with difficulty. WCJ Dec., F.F. ¶ 4.d. The WCJ did not find Claimant eligible for benefits as of July 16, 2020, because from the date of his termination until his surgery, Claimant's loss of earning power was due to his termination, not a disability.

However, after his surgery, Claimant was fully disabled and unable to perform his previous job. The WCJ found that following the surgery, Claimant "became totally disabled." WCJ Dec., C.L. ¶ 2. Claimant's surgery resulted in Claimant's total disability and his consequential loss of earning power.

Finally, as to the duration of disability, at Claimant's last visit with Dr. Trevlyn on November 9, 2020, Dr. Trevlyn released Claimant to "sedentary or light-

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4; 2501-2710.

6

duty work," but opined Claimant was "not fully recovered from surgery or his adhesive capsulitis." WCJ Dec., F.F. ¶ 6.d & f. During his live testimony, the WCJ observed Claimant's inability to lift his right hand like his left hand and found credible Claimant's testimony he could not lift anything because it caused him pain. *Id*. ¶ 5.d.

Ultimately, the WCJ found Claimant met his burden of proving a work-related injury and his total disability resulting therefrom. *Id*., C.L. ¶ 2. The WCJ ordered indemnity payments to continue into the "indefinite future," but specifically provided the decision was "subject to the provisions and limitations of the Pennsylvania Workers' Compensation Act, as amended." *Id*. ¶ 24. The Board found substantial, competent evidence supported the WCJ's Decision. Bd. Op. at 8.

### III. Conclusion

The WCJ relied upon substantial evidence to find Claimant suffered an injury of repetitive trauma, the injury was related to his work with Employer, the injury ultimately resulted in disability, and the disability continued. The Board did not err when it affirmed the WCJ's October 14, 2021 order granting Claimant's Claim Petition. Further, because Claimant's disability continued, the WCJ and Board did not commit an error of law by failing to limit Claimant's indemnity payments based upon his termination for cause or his clearance to perform light-duty work. Accordingly, we affirm the Board's order.

_____

STACY WALLACE, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Intertek USA, Inc.,                          :
                          Petitioner          :
                                              :
          v.                                  : No.  486 C.D. 2022
                                              :
Amol Hate (Workers' Compensation              :
Appeal Board),                                :
                          Respondent          :

# **O R D E R**

     **AND NOW**, this 14th day of June 2023, the April 19, 2022 order of the Workers' Compensation Appeal Board is **AFFIRMED**

_____
STACY WALLACE, Judge